IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| JAMES HARDWICK, | : |
| --- | --- |
| Plaintiff, | : |
| v. | : Civ. No. 17-668-RGA |
| NURSE #1, et al., | : |
| Defendants. | : |

James Hardwick, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 10, 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff James Hardwick, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint (D.I. 2) and Amended Complaint (D.I. 8) pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

On June 4, 2015, Plaintiff sustained a muscle injury to his shoulder while exercising. Plaintiff submitted a sick call slip and wrote "emergency" on the form. Defendant Nurse #1, whose initials are O.M.R., triaged the sick call slip and scheduled Plaintiff for a regular sick call. Plaintiff was seen by Defendant Nurse #2 on June 6, 2015, and she provided Plaintiff with Motrin. The area was swollen and black and blue. Plaintiff complains that Nurse #2 did not provide ice, ice packs, or a sling.

On June 13, 2015, Plaintiff submitted a grievance complaining of the lack of medical care and stating that when he was seen on June 6, 2015, he was told he would be seen by a physician on the following Tuesday. As of June 13, 2015, he had not been seen by a physician, and he was not seen by a medical provider until July 20, 2015. The shoulder was x-rayed on August 4, 2015, and Plaintiff was seen by the medical provider on August 28, 2015.

Plaintiff began physical therapy on September 3, 2015. He alleges this exacerbated the injury. Plaintiff again saw the medical provider on October 1, 2015.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

On October 2, 2015, Plaintiff's grievance was upheld; "specifically that contracted provider ensures grievant is seen in a timely fashion by a provider with a well-documented treatment plan in place," and "medical must have the grievant evaluated by the next higher level of care." (D.I. 8 at pp.20-22). Plaintiff submitted another grievance on November 23, 2015 asking to be seen by an outside orthopedic specialist. He was seen by the medical provider on December 10, 2015, with complaints of shoulder pain. The medical provider recommended an MRI.

On February 14, 2016 and April 4, 2016, Plaintiff submitted grievances asking to be seen by an outside orthopedic specialist. Plaintiff was finally seen by an outside orthopedist who ordered pain medication, a sling and a pillow to aide in isolating the area. Plaintiff alleges that he has yet to receive these items. Plaintiff ultimately underwent surgery. He alleges that when he returned to the prison following the surgery, he was not provided adequate pain medication.

The named defendants appear to be Connections, VCC, Marc Richman, Nurse #1, Nurse #2, Nurse #3, unnamed supervisor of Nurse #2, unnamed Department of Correction staff, and unnamed Connections staff. Plaintiff seeks compensatory and punitive damages.

**SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28

2

U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

### Eleventh Amendment

It is not clear, but it appears that Plaintiff names the VCC as a defendant. The VCC falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. Claims against the State of Delaware are barred by its Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an

4

unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

The State has not waived its immunity from suit in federal court and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). Plaintiff's claim against VCC has no arguable basis in law or in fact and, therefore, will be dismissed as VCC is immune from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

**Personal Involvement/Respondeat Superior**

Plaintiff names as defendants an unnamed supervisor of Nurse #2, unnamed DOC staff, and unnamed Connections staff. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Under the liberal notice pleading standard of Rule 8(a), Plaintiff's claims fails to allege facts that, if proven, would show personal involvement by the unnamed supervisor of Nurse #2, unnamed DOC staff, and unnamed Connections staff. A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. See *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The complaint fails to include these elements with regard to claims raised against the

unnamed supervisor of Nurse #2, unnamed DOC staff, and unnamed Connections staff. As a result, the claims against the foregoing defendants lack an arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Grievances**

Bureau Chief Marc Richman is named as a defendant. Plaintiff's exhibits indicate that Richman upheld Plaintiff's grievances. That is to say, he found in Plaintiff's favor. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). To the extent Plaintiff names Richman as a defendant under a medical needs theory, the claim also fails. The allegations and exhibits do not indicate that Richman's actions rise to the level of a constitutional violation. Instead, they indicate that Richman responded to Plaintiff's complaints and directed that medical provide Plaintiff necessary treatment. Therefore, the claims against Richman will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Medical**

Plaintiff attempts to raise medical needs claims against Nurse #1, Nurse #2, and Nurse #3. He alleges that Nurse #1 triaged his medical request and scheduled him as

6

a regular sick call instead of as an emergency. He alleges that Nurse #2 provided him with medication, but not ice or ice packs. He alleges that Nurse #3 saw him later.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). A prisoner bringing a medical-needs claim "must show more than negligence; he must show 'deliberate indifference' to a serious medical need." *Id*. "Allegations of medical malpractice are not sufficient to establish a Constitutional violation," nor is "[m]ere disagreement as to the proper medical treatment." *Spruill*, 372 F.3d at 235. A "failure to provide adequate care ... [that] was deliberate, and motivated by non-medical factors" is actionable under the Eighth Amendment, but "inadequate care [that] was a result of an error in medical judgment" is not. *Durmer*, 991 F.2d at 69.

7

The allegations against the nurse defendants do not rise to the level of deliberate indifference. At most, the claims against Nurse #1 could be described as negligence; the claims against Nurse #2 could be described as a disagreement about proper care; and the claims against Nurse #3 do not describe any type of claim. Therefore, the claims against Nurses #1, #2, and #3 will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Plaintiff has alleged what appears to be a cognizable claim for delay in medical care against Connections.

## CONCLUSION

For the above reasons, the Court will dismiss the claims against VCC, Marc Richman, Nurse #1, Nurse #2, Nurse #3, unnamed supervisor of Nurse #2, unnamed DOC staff, and unnamed Connections staff pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). Plaintiff will be allowed to proceed with the medical needs claim against Connection.

An appropriate order will be entered.