IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HARDWICK, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-668-RGA |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., | : |
| Defendant. | : |

James Hardwick, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

Dana Spring Monzo and Roopa Sabesan, White & Williams, Wilmington, Delaware, Counsel for Defendant.

**MEMORANDUM OPINION**

August 2, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff James Hardwick, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed a Complaint pursuant to 42 U.S.C. § 1983, followed by an Amended Complaint.[1] (D.I. 2, 8). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Before the Court is Defendant Connections Community Support Programs, Inc.'s motion to dismiss (D.I. 20) and Plaintiff's motion for discovery. (D.I. 28). Briefing is complete on the motion to dismiss. (D.I. 20, 23, 24, 25, 26, 27).

## BACKGROUND

The Court screened the Complaint and Amended Complaint on October 10, 2017 and identified cognizable and non-frivolous claims. (*See* D.I. 9, 10). Plaintiff named several defendants, all of whom have been dismissed except for Connections. (D.I. 9). Connections moves to dismiss pursuant to Rule 12(b)(6) on the grounds that the claims against it are insufficient to plausibly show Connections has a policy or practice that subjects it to constitutional liability.

## MOTION TO DISMISS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

2

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates "deliberate indifference." *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). To establish that Defendant is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation [plaintiff] allege[s]." *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 584 (3d Cir. 2003). Respondeat superior or vicarious liability cannot be a basis for corporate liability under 42 U.S.C. § 1983, as a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories. *Id.* at 583. Assuming the acts of Defendant's employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where "the inadequacy of existing practice [is] so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." *Natale*, 318 F.3d at 584.

"'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. at 1132 (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually

3

to constitute law." *Miller,* 802 F.Supp. at 1132 (citing *Andrews,* 895 F.2d at 1480; *Fletcher v. O'Donnell,* 867 F.2d 791, 793-94 (3d Cir. 1989)).

Connections argues dismissal is appropriate because Plaintiff has not pled facts sufficient to demonstrate it has a deficient policy or procedure. It contends that the allegations also do not state a claim for negligence under Delaware law.

As is well-established, the legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999). The Court previously reviewed Plaintiff's allegations and found that he stated what appear to be cognizable and non-frivolous claims. (*See* D.I. 9). Nothing has changed since that ruling. Nonetheless, the Court has revisited the allegations, liberally construing them, as I must. I hold that Plaintiff adequately raises medical needs claims under the Eighth Amendment.

The allegations are that on June 4, 2015, Plaintiff sustained a muscle injury while exercising, that he was told repeatedly that he would be seen by a physician, that a grievance he submitted for medical care was upheld and "specifically that contracted provider ensures grievant is seen in a timely fashion by a provider with a well-documented treatment plan in place" (D.I. 9 at 2), and that it was not until sometime after April 4, 2016 that he was finally seen by an outside orthopedist.

There is no dispute that Connections is responsible for inmate care at VCC. It is alleged that Plaintiff has a serious medical condition, that his condition requires treatment by specialists, and that it was more than a year before he was seen by one. Plaintiff is not required to recite the specific text or official policy that leads to this lack of

4

treatment. He must only place Defendant on notice as to its alleged improper conduct and the policy in place that created such conduct.

Liberally construing the allegations as I must, Plaintiff adequately states a claim against Defendant. The Amended Complaint pleads facts that Plaintiff has not received outside medical care for some time despite the necessity for it and that Defendant has a policy to restrict access to medical care due to cost considerations (i.e., "trying to save money"). (*See* D.I. 2 at 7). While discovery may show that Defendant acted properly, at this early stage of the litigation, Plaintiff has pled sufficient facts to proceed against it. Therefore, the Court will deny the motion to dismiss as to claims raised pursuant to 42 U.S.C. § 1983.

To the extent Plaintiff seeks to raise a medical negligence claim, he must comply with the requisites of Delaware's Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-65. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: "(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Foundation*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); 18 Del. C. § 6853. To the extent Plaintiff alleges medical negligence, at the time he filed his Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). He did not.

Plaintiff failed to accompany the Complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Therefore, the Court will grant Defendant's motion to dismiss any medical negligence claims Plaintiff is attempting to assert.

## MOTION FOR DISCOVERY

Plaintiff filed a document titled, "Motion for Discovery." (D.I. 28) It is a request for production of documents. The motion will be dismissed as premature. Discovery may commence upon entry of the Court's scheduling order, which will follow once Defendant has answered the Amended Complaint..

## CONCLUSION

For the above reasons, the Court will: (1) grant in part and deny Defendant's motion to dismiss (D.I. 20); and (2) dismiss as premature Plaintiff's motion for discovery. (D.I. 28).

An appropriate order will be entered.