IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES HARDWICK, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-668-RGA |
| CONNECTIONS, | : | |
| Defendant. | : | |

### MEMORANDUM

1. Plaintiff James Hardwick, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed a Complaint raising medical needs claims pursuant to 42 U.S.C. § 1983, followed by an Amended Complaint. (D.I. 2, 8). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Before the Court are several motions filed by Plaintiff. (D.I. 36, 46, 47, 48).

2. **Request For Counsel**. Plaintiff requests counsel on the grounds of factual and legal complexity, his extremely limited ability to investigate, conflicting testimony, his ability to present his claims, and the need for expert witnesses in a medical case. (D.I. 36). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain

---

[1] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

1

circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

3. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

4. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, to date Plaintiff has ably represented himself. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

5. **Motion for Issuance of Subpoenas**. Plaintiff seeks issuance of a subpoena directed to Defendant's counsel to produce documents, information, or

objects (D.I. 46. (D.I. 46). The motion will be denied. Should Plaintiff seek discovery from Defendant, who is a party in this case, Plaintiff is required to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 33 and 34.

6. **Motion to Compel**. Plaintiff moves to compel Defendant to provide requested documentation. (D.I. 47). Rather than indicate what discovery he seeks; Plaintiff's motion merely recites Rule 26 and 37 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26. It may be that that Plaintiff seeks documents Defendant subpoenaed from the Department of Correction to obtain records given that he attached a copy of the subpoena to his motion. However, Plaintiff does not direct the Court to any request for production of documents that he served upon Defendant and to which there was no response. Therefore, the motion will be denied.

7. **Motion for an Order of Contempt**. Plaintiff asks the Court to issue an order of contempt should counsel for Defendant fail to supply documents to Plaintiff. (D.I. 48). He also asks the Court to direct Defendant to provide him with medical records Defendant has received via subpoena. The Court will deny the motion as there are no grounds to issue sanctions. As discussed, above, Plaintiff shall comply with the Federal Rules of Civil Procedures when seeking discovery from Defendant. Of course, Defendant has a duty to supplement its discovery responses.

8. **Conclusion**. Based upon the above discussion, the Court will: (1) deny Plaintiff's request for counsel without prejudice to renew (D.I. 36); (2) deny Plaintiff's motion for issuance of a subpoena to produce documents, information, or objects (D.I. 46); (3) deny Plaintiff's motion to compel Defendant to provide requested documentation

(D.I. 47); and (4) deny Plaintiff's motion for an order of contempt (D.I. 48). An appropriate Order will be entered.

/s/ _____
UNITED STATES DISTRICT JUDGE

March 25, 2019
Wilmington, Delaware